# SILLS CUMMIS & GROSS
A PROFESSIONAL CORPORATION

**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102-5400**
**Tel: 973-643-7000**
**Fax: 973-643-6500**

One Rockefeller Plaza
New York, NY 10020
Tel: 212-643-7000
Fax: 212-643-6500

**Richard H. Epstein**
**Member of the Firm**
**Direct Dial: (973) 643-5372**
**E-mail:** repstein@sillscummis.com

650 College Road East
Princeton, NJ 08540
Tel: 609-227-4600
Fax: 609-227-4646

October 30, 2009

**Via Electronic Filing**
The Honorable Claire C. Cecchi, U.S.M.J.
United States District of New Jersey
Martin Luther King Jr. Federal Building & Courthouse Room 5054
50 Walnut Street
Newark, NJ 07101

  Re:  *Victor Company of Japan, Ltd. v. Glyhpics Media, Inc., et. al.*
     Civil Action No.: 09-1272 (JLL)(CCC)(DNJ)

Dear Judge Cecchi:

  We represent, along with Weil Gotshal & Manges, plaintiff Victor Company of Japan, Ltd. ("JVC") and write to request the Court's guidance to address a dispute regarding a proposed Discovery Confidentiality Order ("DCO"). As discussed at the September 23 Rule 16 conference, JVC contends that Defendants CMC Magnetics Corporation, KHypermedia Corporation and Hotan Corporation (the "CMC Defendants") infringed U.S. Patent No. 5,862,115, entitled "Method And Apparatus For Recording An Information Signal With Scrambling Thereof" (the "'115 Patent") by making, using, selling, offering for sale, and/or importing within the United States, products that are covered by one or more claims of the '115

SILLS CUMMIS & GROSS
A PROFESSIONAL CORPORATION

Honorable Claire C. Cecchi, U.S.M.J.
October 30, 2009
Page 2

Patent, including optical information media such as DVD discs.  At the Rule 16 conference, the parties discussed the need for a DCO to address discovery of technical and financial information that is confidential and proprietary.

Pursuant to Local Patent Rule 2.2, on September 25, 2009, JVC sent a proposed DCO to the CMC Defendants that followed Appendix S to the Local Rules.  The CMC Defendants responded by requesting that the parties agree to the CMC Defendants' 28 paragraph proposed DCO.   The parties have negotiated a compromise by making certain changes to CMC's proposed DCO and have now agreed to all terms except one.  The CMC Defendants have requested that the following language – not in Appendix S – be added to the DCO:

> The parties anticipate producing large volumes of electronic materials in this case.  To control the costs of discovery and effectuate the intent of Federal Rule of Evidence 502, for electronic materials, the producing Party need not examine each electronic document prior to production in order to have used a reasonable safeguard.

The CMC Defendants' additional language has the potential to lead to a significant problem:  using this provision as a basis to respond to document demands by simply dumping large volumes of electronic data – wholly irrelevant to anything requested in this case – on the opposing party and therefore shift the time and cost burden to the receiving party to ascertain whether the data relates to anything in this case.  This is of particular concern here, where a large portion of the electronic data may be in Mandarin.  Although JVC believes that the parties should be reasonable and flexible with regard to the clawback of inadvertently produced privileged documents, it would be improper for the CMC Defendants to shift the burden of performing an initial review for responsiveness and relevance to the plaintiff, and make the

SILLS CUMMIS & GROSS
A PROFESSIONAL CORPORATION

Honorable Claire C. Cecchi, U.S.M.J.
October 30, 2009
Page 3

plaintiff expend the time and costs going through reams of data that may not be called for by the discovery demands in this case. *See* 8A Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, *Federal Practice & Procedure*, § 2213 (2008) ("[T]he producing party does have a burden to select and produce the items requested rather than simply dumping large quantities of unrequested materials onto the discovering party along with the items actually sought under Rule 34.").[1]

In order to address the CMC Defendants' requested additional language and to address JVC's concern over data dumping, JVC proposed a compromise: The CMC Defendants could have the language they wanted, as long as the following was added, "However, this provision is not intended to reduce the obligations of the parties to search for and produce responsive documents (and not wholly irrelevant or otherwise unresponsive material) consistent with each party's obligations under the Federal Rules of Civil Procedure and the Rules of this Court." The CMC Defendants have refused either to withdraw their language or add JVC's proposed modification, thereby raising concerns that the CMC Defendants will not meet their obligations to determine what is legitimately responsive to JVC's demands, but will engage in a data dump.

Accordingly, JVC respectfully requests that the Court by endorsing this letter direct that the parties proceed to submit a DCO )pursuant to Local Rule 5.3) without the CMC Defendants'

---

[1] Moreover, the CMC Defendants' additional language is unwarranted. Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Ev. 502 (b) already address this issue. As set forth in Fed. R. Ev. 502(b)(2), the holder of a privilege who claims an inadvertent production must show that he "took reasonable steps to prevent disclosure." JVC objects to the CMC Defendants' attempt to circumvent the Rules.

SILLS CUMMIS & GROSS
A PROFESSIONAL CORPORATION

Honorable Claire C. Cecchi, U.S.M.J.
October 30, 2009
Page 4

additional language or, if the Court deems it necessary, schedule a telephonic conference at the

Court's earliest convenience to resolve this one remaining issue.

                                      Respectfully submitted,

                                      <u>s/Richard H. Epstein</u>
                                      Richard H. Epstein

cc:    Ed Haug, Esq.
        Grace Pan, Esq.
        Jonathan Wise, Esq.
        Arnold B. Calmann, Esq.
        (all via email)