# SILLS CUMMIS & GROSS
A PROFESSIONAL CORPORATION

**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102-5400**
**Tel: 973-643-7000**
**Fax: 973-643-6500**

One Rockefeller Plaza
New York, NY 10020
Tel: 212-643-7000
Fax: 212-643-6500

Richard H. Epstein
Member of the Firm
Direct Dial: (973) 643-5372
E-mail: repstein@sillscummis.com

650 College Road East
Princeton, NJ 08540
Tel: 609-227-4600
Fax: 609-227-4646

December 1, 2009

**Via Electronic Filing**
The Honorable Claire C. Cecchi, U.S.M.J.
United States District of New Jersey
Martin Luther King Jr. Federal Building & Courthouse Room 5054
50 Walnut Street
Newark, NJ 07101

Re:   *Victor Company of Japan, Ltd. v. Glyhpics Media, Inc., et. al.*
      Civil Action No.:  09-1272 (JLL)(CCC)(DNJ)

Dear Judge Cecchi:

Plaintiff Victor Company of Japan, Ltd. ("JVC") respectfully submits this letter regarding defendants CMC Magnetics Corp., Hotan Corp., and KHypermedia Corp.'s (collectively, "CMC") failure to provide basic discovery requested in JVC's interrogatories. Even though JVC served its discovery requests on CMC on September 1, 2009 -- three months ago -- CMC still has not substantively responded to the vast majority of JVC's interrogatories.[1]

---

[1]   JVC served materially identical interrogatories on each of the CMC defendants and their responses are not materially different except that Hotan Corp. and KHypermedia Corp. stated in response to interrogatory nos. 3, 5, 6, and 7 that each of them lacks information or knowledge "sufficient" to answer them, and instead "refers JVC to the interrogatory responses provided by those manufacturers that are a party to this lawsuit for such information." As such, JVC will refer to CMC Magnetics Corp.'s responses as representative of those of all CMC defendants.

**SILLS CUMMIS & GROSS**
A PROFESSIONAL CORPORATION

Honorable Claire C. Cecchi, U.S.M.J.
December 1, 2009
Page 2

## I.   CMC Has Failed To Provide Any Explanation Of Its Defenses And Counterclaims

The CMC defendants have asserted identical defenses to JVC's complaint in this action, including implied license and patent exhaustion, prosecution history estoppel, unclean hands, laches, waiver, estoppel, and patent misuse in addition to defenses and counterclaims of non-infringement and invalidity. Yet, the answers of the CMC defendants lack any detail concerning those defenses and counterclaims. Without any explanation, JVC has no way of knowing even the outlines of CMC's contentions and thus served interrogatory no. 10 on each of the CMC defendants seeking the bases for their defenses and counterclaims. Exhibit A at 16-17 (CMC's interrogatory responses). Yet, the CMC defendants have refused to provide the requested information on the basis that the "interrogatory [is] premature" and instead state that they will produce documents pursuant to Rule 33(d) "from which a response to this interrogatory may be ascertained." *Id.*

In light of the requirement that the Defendants must make a reasonable inquiry and have a good faith belief for asserting its defenses and counterclaims, this interrogatory is not premature. Indeed, it is a threshold issue that is necessary to understand the scope of the case and associated discovery.

Moreover, CMC's reliance on Rule 33(d) is clearly misplaced. JVC cannot reasonably be expected to divine CMC's contentions from a collection of documents (which has yet to be produced) because this "obviously imposes a greatly unequal burden on" JVC. *See, e.g., Morock v. Chautauqua Airlines, Inc.*, No. 8:07-CV-210-T-17-MAP, 2007 WL 4247767, at *2 (M.D. Fla. Dec. 3, 2007) (citing *S.E.C. v. Elfindepan, S.A.*, 206 F.R.D. 574, 577 n. 5 (M.D.N.C. 2002)); *In re Savitt/Adler Litigation*, 176 F.R.D. 44, 49-50 (N.D.N.Y. 1997) (documents normally reveal evidence, not a party's contentions or statements of facts which a party contends supports the complaint). JVC should not be made to guess as to the bases for CMC's defenses and respectfully requests that the Court direct the CMC defendants to provide a response to JVC's interrogatory no. 10.

## II.   CMC Has Failed To Provide Basic Information Regarding The Operation Of The Accused Products

JVC also served interrogatories on the CMC defendants seeking basic information regarding the accused products. More specifically, JVC requested an identification of all standards and specifications that apply to CMC's optical discs (interrogatory no. 4) and a description of the process for recording and reading data to and from CMC's optical discs during their manufacture (interrogatory no. 3) and later use (interrogatory no. 5). Exhibit A at 8-10 (CMC's interrogatory responses).

This basic information regarding CMC's products is clearly within its possession, yet CMC has not provided a substantive response to those interrogatories. Instead, CMC again stated that, pursuant to Rule 33(d), CMC will produce documents from which a response may be

SILLS CUMMIS & GROSS
A PROFESSIONAL CORPORATION
Honorable Claire C. Cecchi, U.S.M.J.
December 1, 2009
Page 3

ascertained.  Exhibit A at 8-10 (CMC's interrogatory responses).  Here, CMC's reliance on Rule 33(d) is misplaced, because the burden of ascertaining an answer to these interrogatories is not equal for both parties as JVC does not stand "on equal footing when it comes to determining how the defendants' own products operate."  *Laserdynamics, Inc. v. Asus Computer Int'l*, 2009 WL 153161, at 82 (E.D. Tex. Jan. 21, 2009).  CMC clearly knows what standards apply to its products and there is no reason to believe that identifying those would impose an undue burden. Similarly, CMC knows the processes for recording and reading data to and from its optical discs and can provide an explanation of those processes.  Conversely, requiring JVC to deduce what standards apply to CMC's own products and how these products operate does not comport with the requirements of Rule 33(d), especially where CMC has neither identified what documents disclose the requested information or how JVC would go about ascertaining the requested information.  JVC requests that the Court order CMC to provide a full response to these interrogatories.

## III. CMC Has Not Provided Basic Information About When And How It First Became Aware Of The Patent-in-Suit

JVC's interrogatory no. 1 seeks the facts and circumstances relating to how and when CMC first became aware of the patent-in-suit (and related patents) and an identification of pertinent documents.  Exhibit A at 6 (CMC's interrogatory responses).  CMC has not provided any information on this topic and again refers JVC, pursuant to Rule 33(d), to a future production of documents.  *Id.*

CMC's purported reliance on Rule 33(d) is misplaced.  It is clearly not burdensome for CMC to describe how and when it first became aware of the patent-in-suit (and related patents) such that CMC would be entitled to rely on Rule 33(d).  Conversely, while CMC has not identified any documents that disclose the requested information, it seems improbable that the burden of determining when and how CMC first became aware of the patent-in-suit and related patents would be the same for the parties given that CMC will have access to people who have direct knowledge of those events.

## IV. CMC Refused To Meet And Confer With JVC

Counsel for JVC sought to meet and confer with counsel for CMC on multiple occasions in an effort to resolve these issues.  However, counsel for CMC contended that they were unavailable on the multiple times proposed by JVC's counsel and instead suggested that counsel for JVC should review thousands of pages of documents they just produced (most of which are in Chinese) before the parties held a meet and confer. This does not satisfy CMC's obligations to respond to JVC's interrogatories.

SILLS CUMMIS & GROSS
A PROFESSIONAL CORPORATION

Honorable Claire C. Cecchi, U.S.M.J.
December 1, 2009
Page 4

**V.      Other Discovery Issues**

JVC is not raising deficiencies in certain other of CMC's responses to JVC's interrogatories as JVC believes that the parties may be able to resolve the disputes relating to those interrogatories without Court intervention.  JVC also has serious concerns regarding CMC's document production, however, because CMC has promised to produce additional documents, JVC is also not raising this issue now.  Nonetheless, JVC reserves its right to raise these issues in the future.

Respectfully submitted,

s/Richard H. Epstein
Richard H. Epstein

cc:      Counsel of Record (via email)

EXHIBIT A

Arnold B. Calmann (abc@saiber.com)
**SAIBER LLC**
One Gateway Center, 13th Floor
Newark, New Jersey 07102
Telephone: (973) 622-3333
Facsimile: (973) 622-3349

Edgar H. Haug (ehaug@flhlaw.com)
Grace L. Pan (gpan@flhlaw.com)
Jonathan R. Wise (jwise@flhlaw.com)
**FROMMER LAWRENCE & HAUG LLP**
745 Fifth Avenue
New York, New York 10151
Telephone: (212) 588-0800
Facsimile: (212) 588-0500

Jenny Chen (jenny.chen@cheniplaw.com)
**CHEN IP LAW GROUP**
7F, No. 1, Alley 30, Lane 358,
Rueiguang Road, Neihu District,
Taipei, Taiwan 114
Telephone:     886 921 582 847
Facsimile:     886 277 218 822

Laurence Kao
(laurence.kao@eastwindconsult.com)
**EASTWIND CONSULTANTS COMPANY
LIMITED.**
7F, No. 1, Alley 30, Lane 358,
Rueiguang Road, Neihu District,
Taipei, Taiwan 114
Telephone:     886 921 582 847
Facsimile:     886 277 218 822

*Attorneys for Defendant and Counterclaim-Plaintiff
CMC Magnetics Corp.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VICTOR COMPANY OF JAPAN, LTD.,<br><br>      Plaintiff,<br><br>      v.<br><br>GLYPHICS MEDIA, INC., MOSER BAER INDIA LTD., CMC MAGNETICS CORP., HOTAN CORP., AND KHYPERMEDIA CORP.,<br><br>      Defendants. | Civil Action No.<br><br>09-1272(JLL)(CCC) |

## DEFENDANT CMC MAGNETICS CORP.'S RESPONSES AND OBJECTIONS TO PLAINTIFF VICTOR COMPANY OF JAPAN, LTD.'S FIRST SET OF INTERROGATORIES (NOS. 1-11)

For its responses and objections to Plaintiff Victor Company of Japan, Ltd. ("JVC") First

Set of Interrogatories (Nos. 1-11), Defendant CMC Magnetics Corp. ("CMC") states as follows:

{00590594.DOC}

## GENERAL OBJECTIONS

The following objections apply to each and every Interrogatory propounded by JVC. CMC's responses are made without prejudice to any position as to admissibility at trial.

1.    CMC objects to these discovery requests to the extent that they are vague, undefined, ambiguous, duplicative, cumulative, unduly burdensome, overly broad, oppressive, and/or call for information not relevant to a claim or defense of any party to this action.

2.    CMC objects to disclosing its confidential information before a suitable protective order is entered.

3.    CMC objects to providing any information that is subject to the attorney-client privilege, the work product immunity, the common interest doctrine, or any other applicable privilege, immunity, or doctrine.  Any specific objection made on the basis of privilege shall be deemed to include an objection on the basis of the attorney-client privilege, the work product immunity, and the common interest doctrine, where applicable. Moreover, CMC will interpret each request to exclude from its scope information that is subject to the attorney-client privilege, the work-product immunity and the common interest doctrine.

4.    CMC objects to providing any trade secret or other confidential research, development, or commercial information of any third party, which is in CMC's possession pursuant to confidentiality and non-disclosure restrictions imposed by contract or law.

5.    CMC objects to these discovery requests as premature to the extent that they seek CMC's contentions regarding its ultimate positions in this action because discovery is in the early stages.

2

6.      CMC objects to these discovery requests to the extent that they seek to impose any discovery obligation on CMC that exceeds or is inconsistent with the requirements of the Federal Rules of Civil Procedure and the Local Rules.

7.      CMC objects to these discovery requests to the extent that they seek information or the identification or production of documents relating to aspects of CMC's business that are not relevant to a claim or defense of any party to this action on the grounds that such information and documents include highly confidential material and/or would be unduly burdensome and oppressive to collect and produce.

8.      CMC objects to these discovery requests to the extent that they seek information or documents that are in the public domain because it is equally convenient for JVC to obtain such information.

9.      CMC's agreement to produce documents relevant to a particular request should not be construed to mean that CMC has any such requested relevant documents in its possession, custody, or control.  Moreover, CMC's agreement to produce documents shall not be construed as any admission that such documents are relevant or otherwise admissible.

10.      CMC objects to each request as overly broad and unduly burdensome to the extent that it calls for information relevant to patents not asserted in the present litigation.

11.      CMC objects to the number of interrogatories propounded by JVC.  The parties explicitly agreed to be bound by the discovery limits set forth by Federal Rule of Civil Procedure 33.  JVC has exceeded that limit by asking more than twenty-five interrogatories in its First Set of Interrogatories (Nos. 1-11) by including numerous subparts that seek information about discrete separate subjects.  In the spirit of cooperation, CMC has responded to each of them, but by so doing, CMC is expressly not waiving its objection to the Rule 33 limitation.

3

12.     CMC objects to the production of any documents constituting, reflecting, representing, or concerning confidential settlement discussions.

13.     CMC objects to the production of documents whose confidentiality is guaranteed by statute.

14.     CMC objects to the production of documents whose confidentiality is guaranteed by CMC's contractual obligations.

15.     CMC objects to JVC's definition of "Defendant" or "You" to the extent that this definition includes legal entities separate and distinct from CMC and seeks to request documents and/or information under the control of those entities.

16.     CMC objects to JVC's definition of "Optical Disc Product" to the extent this definition includes proposed and prototype products and other products that are not sold, offered for sale, used, or imported in the United States because such products are not relevant to this dispute. CMC will provide relevant responsive documents and/or information not subject to any privileges relating to products sold, offered for sale, used, or imported in the United States within the last six years, after the entry of a suitable protective order.

17.     CMC objects to JVC's definitions of "Identify" and "Identity" to the extent that the definitions are overbroad and unduly burdensome and request information that is not relevant to any claim or defense of any of the parties and is not reasonably calculated to lead to the discovery of admissible evidence. CMC also objects to the definition of "Identify" as it pertains to products, devices, or other articles of manufacture to the extent that it requests information that is publicly available and/or equally accessible to JVC.

18.     CMC objects to the interrogatories to the extent that they seek information outside the six year limitation period. Where applicable, CMC will provide relevant responsive

4

documents and/or information not subject to any privileges from a time period relevant to this dispute, after the entry of a suitable protective order.

19.     CMC objects to any request for "all" documents or information relating to any subject matter as unduly burdensome and oppressive. CMC will produce relevant responsive documents not subject to any privileges discovered after a diligent and reasonable search, after the entry of a suitable protective order.

20.     CMC objects to providing discovery relating to its manufacturing, marketing and sales operations outside of the United States. CMC is accused of infringing a United States patent, and CMC will produce documents sufficient to show the composition and sales of CMC's accused products in the United States. Discovery of documents relating to CMC's foreign activities are therefore redundant, cumulative, not additionally relevant to any claims or defenses of the case, are unnecessarily burdensome to produce, and call for sensitive business information.

21.     CMC objects to providing any information about the disposition of a document no longer in its possession as excessive in scope and unduly burdensome.

22.     CMC's investigation of facts is continuing. The responses made at this time are without prejudice to CMC's right to amend or supplement as appropriate.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY No. 1:

State in detail all the facts and circumstances, and Identify all Documents and Things, Relating To Your first awareness or knowledge of the Patent-In-Suit and any related foreign or U.S. patents, including, without limitation, the date of such first awareness or knowledge, the Identify of each Person with such awareness or knowledge thereof, and the Identify of all Documents Relating To such awareness or knowledge.

### RESPONSE TO INTERROGATORY No. 1:

CMC objects to this interrogatory as overly broad and unduly burdensome, because it seeks identification of "all documents" that refer or relate to the circumstances under which CMC first became aware of the patent-in-suit. CMC also objects to this interrogatory to the extent that it seeks information, documents, or things protected by the attorney-client privilege, the attorney work-product doctrine, and/or other applicable privileges or immunities. CMC further objects to this interrogatory to the extent that it seeks information which is neither relevant to the claims or defenses of the parties to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific objections, and without prejudice to amending or supplementing these responses, CMC responds as follows:

Pursuant to Federal Rule of Civil Procedure 33(d), CMC will produce relevant, responsive, non-privileged documents within its possession, custody, and control, other than the Complaint in this action and to the extent such documents exist, that refer or relate to the circumstances under which CMC first became aware of the patent-in-suit. Discovery in this case has just commenced and CMC's investigation is on-going. Therefore, CMC reserves the right to modify or supplement its responses as more information is discovered.

6

**INTERROGATORY No. 2:**

Identify (including by model number or similar identifier) each of Your Optical Disc Products.

**RESPONSE TO INTERROGATORY No. 2:**

CMC objects to this interrogatory as overly broad, because it seeks information about products that are not accused of infringement in this lawsuit. CMC also objects to this interrogatory to the extent that it uses terms, such as "model number" and "similar identifier," that are not defined or understood and therefore fail to identify with reasonable particularity the information sought. CMC further objects to this interrogatory to the extent that it seeks information that is equally available to JVC, or that is publicly available.

Subject to and without waiving the foregoing General and Specific objections, and without prejudice to amending or supplementing these responses, CMC responds as follows:

CMC identifies the following products as recordable optical data storage media made since May 14, 2003 in conformance with the applicable DVD Forum or DVD+RW Alliance specification:

- DVD-R

- DVD+R

- DVD-RW

- DVD+RW

Pursuant to Federal Rule of Civil Procedure 33(d), CMC will produce relevant, responsive, non-privileged documents within its possession, custody, and control, to the extent such documents exist, that are sufficient to show the applicable DVD Forum and DVD+RW Alliance specification versions related to the above products.

7

**INTERROGATORY No. 3:**

Separately for each of Your Optical Disc Products, Describe in detail the complete process and all steps for recording and reading data and information to and from the Optical Disc Product when used by the end-user, including, without limitation, the methods and codes used to scramble and unscramble data and information and any applicable error correction.

**RESPONSE TO INTERROGATORY No. 3:**

CMC objects to this interrogatory as overly broad and unduly burdensome because it seeks information about end-user activities that may not be known to CMC.   CMC also objects to this interrogatory to the extent that it uses terms, such as "scramble,", "unscramble," "data and information" and "error correction," that are not defined or understood and therefore fail to identify with reasonable particularity the information sought.   CMC further objects to this interrogatory to the extent that it seeks information that is equally available to JVC or that is publicly available.

Subject to and without waiving the foregoing General and Specific objections, and without prejudice to amending or supplementing these responses, CMC will produce relevant, responsive, non-privileged documents within its possession, custody, and control, to the extent such documents exist, from which a response to this interrogatory may be ascertained, pursuant to Federal Rule of Civil Procedure 33(d).   Discovery in this case has just commenced and CMC's investigation is on-going.   Therefore, CMC reserves the right to modify or supplement its responses as more information is discovered.

8

## INTERROGATORY No. 4:

Separately for each of Your Optical Disc Products, identify all applicable standards or specifications that apply to the respective Optical Disc Product.

## RESPONSE TO INTERROGATORY No. 4:

CMC objects to this interrogatory as overly broad, because it seeks information about activities that may have occurred more than six years before this lawsuit was filed, and because it seeks information about products that are not accused of infringement in this lawsuit.  CMC also objects to this interrogatory to the extent that it uses terms, such as "standards" and "specifications," that are not defined or understood and therefore fail to identify with reasonable particularity the information sought.  CMC further objects to this interrogatory to the extent that it involves proprietary and protected trade secrets, and implicates information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in the present litigation. CMC additionally objects to this interrogatory to the extent that it involves issues of third party confidentiality.

Subject to and without waiving the foregoing General and Specific objections, and without prejudice to amending or supplementing these responses, CMC will produce relevant, responsive, non-privileged documents within its possession, custody, and control, to the extent such documents exist, from which a response to this interrogatory may be ascertained, pursuant to Federal Rule of Civil Procedure 33(d).  Discovery in this case has just commenced and CMC's investigation is on-going.  Therefore, CMC reserves the right to modify or supplement its responses as more information is discovered.

**INTERROGATORY No. 5:**

Separately for each of Your Optical Disc Products, Describe in detail the complete process and all steps for recording data and information on the Optical Disc during its manufacture, including, without limitation, the methods and codes used to scramble data and information.

**RESPONSE TO INTERROGATORY No. 5:**

CMC objects to this interrogatory as overly broad, because it seeks information about products that are not accused of infringement in this lawsuit. CMC also objects to this interrogatory to the extent that it uses terms, such as "methods," "codes," "scramble" and "data and information" that are not defined or understood and therefore fail to identify with reasonable particularity the information sought. CMC further objects to this interrogatory as it seeks information about activities outside of the United States which are not implicated by the patent laws of the United States.

Subject to and without waiving the foregoing General and Specific objections, and without prejudice to amending or supplementing these responses, CMC will produce relevant, responsive, non-privileged documents within its possession, custody, and control, to the extent such documents exist, from which a response to this interrogatory may be ascertained, pursuant to Federal Rule of Civil Procedure 33(d). Discovery in this case has just commenced and CMC's investigation is on-going. Therefore, CMC reserves the right to modify or supplement its responses as more information is discovered.

**INTERROGATORY No. 6:**

For each year since and including the year that an Optical Disc Product was first introduced, Identify the officers, employees, and other personnel in any groups, divisions, or departments that have or had the responsibility for, or duties Related To research, design, development, manufacture, sales, distribution, and/or marketing of any Optical Disc Product, and describe each such individual's specific duties.

**RESPONSE TO INTERROGATORY No. 6:**

CMC objects to this interrogatory as overly broad and unduly burdensome, because it seeks information about transactions that may have occurred more than six years before this lawsuit was filed, and because it seeks information about downstream transactions that may not be known to CMC. CMC also objects to this interrogatory to the extent that it uses terms, such as "had the responsibility for" and "distribution," that are not defined or understood and therefore fail to identify with reasonable particularity the information sought. CMC further objects to this interrogatory to the extent that it seeks information which is neither relevant to the claims or defenses of the parties to this action, nor reasonably calculated to lead to the discovery of admissible evidence. For example, several of the activities listed in the interrogatory do not occur within the United States. Finally, CMC objects to this interrogatory to the extent that it seeks information that is equally available to JVC, that is publicly available, or that is redundant of other discovery requests.

Subject to and without waiving the foregoing General and Specific objections, and without prejudice to amending or supplementing these responses, CMC responds as follows:

CMC identifies Sam Chong, Patent Engineer, as the individual currently most knowledgeable about the design, research and development and engineering of the products identified in response to Interrogatory No. 2.

CMC identifies Robert Tsai, Vice President of Sales, as the individual currently most

knowledgeable about the marketing, distribution, and sale of the products identified in response

to Interrogatory No. 2, up to the point at which those products leave CMC's control.

CMC will produce relevant, responsive, non-privileged documents within its possession,

custody, and control, to the extent such documents exist, from which a response to this

interrogatory may be ascertained, pursuant to Federal Rule of Civil Procedure 33(d). Discovery

in this case has just commenced and CMC's investigation is on-going.  Therefore, CMC reserves

the right to modify or supplement its responses as more information is discovered.

**INTERROGATORY No. 7:**

Identify every facility or location where an Optical Disc Product had been manufactured
and/or assembled by or for You and, for each Optical Disc Product, describe in detail the
manufacturing and/or assembly steps for any Optical Disc Product that have been performed at
that facility or location and the periods of time during which such steps have been performed,
including without limitation the data and information stored on the Optical Disc Product during
manufacture and/or assembly and the format in which it is recorded.

**RESPONSE TO INTERROGATORY No. 7:**

CMC objects to this interrogatory as overly broad and unduly burdensome, because it

seeks information about transactions that may have occurred more than six years before this

lawsuit was filed, and because it seeks information about products that are not accused of

infringement in this lawsuit.  CMC also objects to this interrogatory to the extent that it uses

terms, such as "assembly" and "data and information," that are not defined or understood and

therefore fail to identify with reasonable particularity the information sought.  CMC further

objects to this interrogatory to the extent that it seeks information which is neither relevant to the

claims or defenses of the parties to this action, nor reasonably calculated to lead to the discovery

12

of admissible evidence.  For example, several of the activities listed in the interrogatory do not occur within the United States.  Finally, CMC objects to this interrogatory to the extent that it seeks information that is equally available to JVC, that is publicly available, or that is redundant of other discovery requests.

Subject to and without waiving the foregoing General and Specific objections, and without prejudice to amending or supplementing these responses, CMC responds as follows:

CMC engages in the manufacture of the products identified in response to Interrogatory No. 2 at CMC's facilities located at the following location:

- CMC LK3 Factory, Linkou, Taiwan
- CMC LK2 Factory, Linkou, Taiwan
- CMC CL2 Factory, Zhongli, Taiwan
- CMC CL1 Factory, Zhongli, Taiwan
- CMC YM2 Factory, Yangmei, Taiwan
- CMC KL2 Factory, Pingzhen, Taiwan
- CMC DC Factory, Luzhu, Taiwan
- Fortune (Jiangsu) Multimedia Co., Ltd., China
- Jet-Thai Hi-Tech Co., Ltd., Thailand

CMC will produce relevant, responsive, non-privileged documents within its possession, custody, and control, to the extent such documents exist, from which a response to this interrogatory may be ascertained, pursuant to Federal Rule of Civil Procedure 33(d). Discovery in this case has just commenced and CMC's investigation is on-going.  Therefore, CMC reserves the right to modify or supplement its responses as more information is discovered.

**INTERROGATORY No. 8:**

Separately for each of Your Optical Disc Products, identify the number and unit price of those products made, used, sold or offered for sale, or imported into any country, by You on a quarterly basis since January 19, 1999, and identify the country where each such event occurred.

**RESPONSE TO INTERROGATORY No. 8:**

CMC objects to this interrogatory as overly broad and unduly burdensome, because it seeks information about transactions that may have occurred more than six years before this lawsuit was filed, because it seeks information about activities outside of the United States which are not implicated by the patent laws of the United States, and because it seeks identification of "any" country related to sales of accused products.  CMC further objects to this interrogatory to the extent that it seeks information which is neither relevant to the claims or defenses of the parties to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific objections, and without prejudice to amending or supplementing these responses, CMC responds as follows:

Pursuant to Federal Rule of Civil Procedure 33(d), CMC will produce relevant, responsive, non-privileged documents within its possession, custody, and control, to the extent such documents exist, from which a response to this interrogatory may be ascertained. Discovery in this case has just commenced and CMC's investigation is on-going.  Therefore, CMC reserves the right to modify or supplement its responses as more information is discovered. Furthermore, production of documents reflecting CMC's sales volume and pricing information will occur only when an appropriate protective order has been established.

14

**INTERROGATORY No. 9:**

Describe in detail all sales, supply, distribution, production, or manufacturing agreements between You and any other person or entity (including subsidiaries and affiliates), concerning any Optical Disc Product, including without limitation:

A. the date of each agreement;

B. the Identify of any person involved in the negotiations of each agreement;

C. the Identify of all Documents Relating To each agreement;

D. for each agreement, a description of the facts concerning how Optical Disc Products are transferred to any individual, entity, or corporation pursuant to the agreement; how any Optical Disc Products covered by the agreement are imported into the United States (by any person or entity); the Identity of any party that imports Optical Disc Products covered by the agreement into the United States; and the Identity of any party that sells Optical Disc Products covered by the agreement in the United States;

E. for each agreement, on an annualized basis, the number of units covered by the agreement since its inception.

F. The bates number of the agreement in the production.

**RESPONSE TO INTERROGATORY No. 9:**

CMC objects to this interrogatory as overly broad and unduly burdensome, because it seeks information about transactions that may have occurred more than six years before this lawsuit was filed, and because it seeks information about downstream transactions that may not be known to CMC. In addition, CMC objects to this interrogatory to the extent that it calls for information about contracts between foreign entities involving activities that occurred outside of the United States and are not relevant to the current lawsuit. CMC also objects to this interrogatory to the extent that it uses terms, such as "distribution" and "transferred," that are not defined or understood, or are vaguely or ambiguously defined, and therefore fail to identify with reasonable particularity the information sought. CMC further objects to this interrogatory to the extent that it seeks information which is neither relevant to the claims or defenses of the parties to this action, nor reasonably calculated to lead to the discovery of admissible evidence. CMC additionally objects to this interrogatory to the extent that it involves issues of third party confidentiality.

15

Subject to and without waiving the foregoing General and Specific objections, and without prejudice to amending or supplementing these responses, CMC responds as follows:

Pursuant to Federal Rule of Civil Procedure 33(d), CMC will produce relevant, responsive, non-privileged documents within its possession, custody, and control, to the extent such documents exist, from which a response to this interrogatory may be ascertained. Discovery in this case has just commenced and CMC's investigation is on-going. Therefore, CMC reserves the right to modify or supplement its responses as more information is discovered. Furthermore, production of documents reflecting CMC's sales, supply, distribution, production, or manufacturing agreements will occur only when an appropriate protective order has been established.

## INTERROGATORY No. 10:

Set forth the complete basis for any affirmative defenses and counterclaims that You assert, including all facts supporting or refuting those affirmative defenses and counterclaims, and describe how and the extent to which You contend those defenses affect JVC's ability to recover in this litigation.

## RESPONSE TO INTERROGATORY No. 10:

CMC objects to this interrogatory as premature because discovery in this case has just commenced. CMC also objects to this interrogatory to the extent that it seeks information, documents, or things protected by the attorney-client privilege, the attorney work-product doctrine, and/or other applicable privileges or immunities.

Subject to and without waiving the foregoing General and Specific objections, and without prejudice to amending or supplementing these responses, CMC responds as follows:

Pursuant to Federal Rule of Civil Procedure 33(d), CMC will produce relevant, responsive, non-privileged documents within its possession, custody, and control, to the extent

such documents exist, from which a response to this interrogatory may be ascertained.

Discovery in this case has just commenced and CMC's investigation is on-going. Therefore,

CMC reserves the right to modify or supplement its responses as more information is discovered.

## INTERROGATORY No. 11:

Identify all licenses and other agreements to which You are a party that are Related To optical information storage media (including DVD discs, CD discs, Blu-ray discs, and HD DVD discs) or players and/or recorders thereof by the date of the agreement, identify of the parties to the agreement, subject matter of the agreement, and production number in this case.

## RESPONSE TO INTERROGATORY No. 11:

CMC objects to this interrogatory as overly broad and unduly burdensome, because it

seeks information about transactions that may have occurred more than six years before this

lawsuit was filed. In addition, CMC objects to this interrogatory to the extent that it calls for

information about contracts between foreign entities involving activities that occurred outside of

the United States and are not relevant to the current lawsuit. CMC also objects to this

interrogatory to the extent that it uses terms, such as "Blu-ray" and "HD DVD," that are not

defined or understood, or are vaguely or ambiguously defined, and therefore fail to identify with

reasonable particularity the information sought. CMC further objects to this interrogatory to the

extent that it seeks information which is neither relevant to the claims or defenses of the parties

to this action, nor reasonably calculated to lead to the discovery of admissible evidence. CMC

additionally objects to this interrogatory to the extent that it seeks information, documents, or

things protected by the attorney-client privilege, the attorney work-product doctrine, and/or other

applicable privileges or immunities. CMC also objects to this interrogatory to the extent that it

involves issues of third party confidentiality.

Subject to and without waiving the foregoing General and Specific objections, and

without prejudice to amending or supplementing these responses, CMC responds as follows:

17

Pursuant to Federal Rule of Civil Procedure 33(d), CMC will produce relevant, responsive, non-privileged documents within its possession, custody, and control, to the extent such documents exist, from which a response to this interrogatory may be ascertained. Discovery in this case has just commenced and CMC's investigation is on-going. Therefore, CMC reserves the right to modify or supplement its responses as more information is discovered. Furthermore, production of documents reflecting CMC's license agreements will occur only when an appropriate protective order has been established.

Dated: October 19, 2009          BY: _____

Arnold B. Calmann (abc@saiber.com)
**SAIBER LLC**
One Gateway Center, 13th Floor
Newark, New Jersey 07102
Telephone: (973) 622-3333
Facsimile: (973) 622-3349

Edgar H. Haug (ehaug@flhlaw.com)
Grace L. Pan (gpan@flhlaw.com)
Jonathan R. Wise (jwise@flhlaw.com)
**FROMMER LAWRENCE & HAUG LLP**
745 Fifth Avenue
New York, New York 10151
Telephone: (212) 588-0800
Facsimile: (212) 588-0500

Jenny Chen (jenny.chen@cheniplaw.com)
**CHEN IP LAW GROUP**
7F, No. 1, Alley 30, Lane 358,
Rueiguang Road, Neihu District,
Taipei, Taiwan 114
Telephone:     886 921 582 847
Facsimile:     886 277 218 822

Laurence Kao (laurence.kao@eastwindconsult.com)
**EASTWIND CONSULTANTS COMPANY
LIMITED.**
7F, No. 1, Alley 30, Lane 358,
Rueiguang Road, Neihu District,
Taipei, Taiwan 114
Telephone:     886 921 582 847
Facsimile:     886 277 218 822

*Attorneys for Defendant and Counterclaim-
CMC Magnetics Corp.*

19